**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| IVAN PARIS, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO.  3:25-cv-2788 |
| § | |
| AMBER GIVENS, § | |
| § | |
| *Defendant.* § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COMES NOW, Plaintiff, Ivan Paris, complaining of Defendant, Amber Givens, and for causes of action will respectfully show unto the Court as follows:

**SUMMARY**

On November 2, 2023, Amber Givens, the judge for the 282nd Judicial District Court, in Dallas County, Texas, ordered Ivan Paris to serve 60 days in jail as a condition of his probation. However, Judge Givens had been recused from Mr. Paris' case on August 17, 2022, and no longer held any authority over the case or Mr. Paris. On June 23, 2025, the Texas State Commission on Judicial Conduct publicly admonished Judge Givens for failing to comply with and maintain professional competence in the law, namely the due process clauses of the United States and Texas Constitutions, when she ordered Mr. Paris jailed as a condition of his probation, after she had been recused from his case and lacked the legal authority to act in his case. Judge Givens acknowledged to the Commission that she ordered Mr. Paris to be jailed without the authority to do so.

Mr. Paris now files this lawsuit against Judge Amber Givens for violating his constitutional rights and the laws of the state of Texas.

# I.
# PARTIES

1. Plaintiff Ivan Paris is a resident of Dallas County, Texas.

2. Defendant Amber Givens is an individual residing in Dallas County, Texas, and at all times relevant hereto, was the judge for the 282nd Judicial District Court, in Dallas, Dallas County, Texas. Defendant Givens may be served at her current place of employment at the Frank Crowley Courts Building, located at 133 N Riverfront Blvd #28, Dallas, TX 75207, or wherever she may be found. Defendant Givens is being sued in her individual capacity.

# II.
# JURISDICTION AND VENUE

3. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343 since Plaintiff is suing for relief under 42 U.S.C. § 1983 and supplemental jurisdiction over the state law claim under 28 U.S. Code § 1367.

4. Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391 because the Defendant resides in the Northern District of Texas and all of the causes of action accrued in the Northern District of Texas.

# III.
# FACTS AND ALLEGATIONS

**Judge Givens jailed Ivan Paris despite a complete absence of all jurisdiction.**

5. At all times relevant hereto, the Defendant, Amber Givens, was the judge for the 282nd Judicial District Court, in Dallas, Dallas County, Texas.

6. On July 7, 2022, a recusal motion was filed against Judge Givens in *State of Texas v. Ivan Dequalan Paris,* Case No. F21-52600 (the "Paris Case").

7. On August 17, 2022, Judge Ray Wheless, the presiding judge of the First Administrative Region, granted the motion, and Judge Givens was recused from the Paris Case.

8. On December 17, 2022, Judge Wheless assigned the Paris Case to Judge Michael Snipes, sitting by assignment in the 282nd Judicial District Court.

9. In 2023, while on probation, Defendant Ivan Paris ("Paris") participated in an "empowerment program" in the 282nd Judicial District Court that allows for early termination of probation upon successful completion of the program (the "Empowerment Program").

10. On or about October or November of 2023, Judge Givens was informed by a Court Officer with the Dallas County Community Supervision and Corrections Department that Paris engaged in behavior the Court Officer considered disruptive during a session of the Empowerment Program.

11. On November 2, 2023, Judge Givens ordered Paris to appear before her in court to explain his behavior during the Empowerment Program session. Finding Paris' explanation unacceptable, Judge Givens signed a Jail Sanction which ordered him to serve 60 days in the Dallas County Jail as a condition of his probation.

12. Paris subsequently retained an attorney, who filed a motion asking Judge Snipes to withdraw the November 2, 2023 Jail Sanction Order issued by Judge Givens, who was recused from the Paris Case and lacked the jurisdiction to enter the order. Judge Snipes granted the motion on November 8, 2023.

13. Paris served six days in the Dallas County Jail before Judge Snipes ordered his release.

14. The State Commission on Judicial Conduct conducted a review of the complaint filed against Judge Givens regarding her unconstitutional and illegal jailing of Plaintiff Ivan Paris.

15. Judge Givens provided a written response to the Commission's concerns and appeared before the Commission on June 4, 2025, where she gave testimony.

16. In both her written responses and her testimony before the Commission, Judge Givens acknowledged she ordered Paris jailed without the authority to do so.

17. The Texas State Commission on Judicial Conduct determined that Judge Givens should be publicly admonished for: (1) **failing to comply with** and maintain professional competence in the law, namely **the due process clauses of the United States and Texas Constitutions, when she:** (a) **ordered Paris jailed as a condition of his probation**, and (b) ordered Navaenriquez arrested for insufficient bail, **after she had been recused from their cases and lacked the legal authority to act in both cases**; and for (2) failing to treat Paris with patience, dignity, and courtesy, in violation of Canons 2A, 3B(2) and 3B(4) of the Texas Code of Judicial Conduct.

18. Below is a photo of the Texas State Commission on Judicial Conduct's Conclusion regarding Judge Given's actions that violated Paris' rights.

### CONCLUSION

Based upon the record before it and the factual findings recited above, the Texas State Commission on Judicial Conduct has determined that the Honorable Amber Givens, judge of the 282nd Judicial District Court in Dallas, Dallas County, Texas, should be publicly admonished for: (1) failing to comply with and maintain professional competence in the law, namely the due process clauses of the United States and Texas Constitutions, when she: (a) ordered Paris jailed as a condition of his probation, and (b) ordered Navaenriquez arrested for insufficient bail, after she had been recused from their cases and lacked the legal authority to act in both cases; and for (2) failing to treat Paris with patience, dignity, and courtesy, in violation of Canons 2A, 3B(2) and 3B(4) of the Texas Code of Judicial Conduct.

The Commission has taken this action pursuant to the authority conferred it in Article V, Section 1-a(8) of the Texas Constitution in a continuing effort to promote confidence in and high standards for the judiciary.

Issued this the 23d day of June, 2025.

_____
Gary L. Steel
Chair, State Commission on Judicial Conduct

19. It should be noted that Judge Givens also ordered another person, Samuel Navaenriquez, to be arrested for insufficient bail, despite being recused from his case as well. This

occurred in July of 2023 – putting Judge Givens on clear notice (as if she wasn't already on notice of the law as a sitting Judge) that she could not jail criminal defendants in cases in which she had been previously recused.

20. These injuries were not the result of any other cause.

## IV.
## CAUSES OF ACTION

### Count One

### False Imprisonment
### Violation of the Fourth and Fourteenth Amendments Pursuant to 42 U.S.C. § 1983
### Against Defendant Amber Givens

21. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs, as if fully repeated herein.

22. Acting under the color of law, Judge Givens deprived Plaintiff of the rights and privileges secured to him by the Fourth and Fourteenth Amendments to the United States Constitution and by other laws of the United States to be free from illegal and unreasonable seizures without due process of law when she jailed him without authority to do so.

23. Plaintiff brings this cause of action pursuant to 42 U.S.C. § 1983.

24. The essential elements of a false imprisonment claim are (1) willful detention, (2) without consent, and (3) without authority of law. *Vissage v. City of Reno*, No. 5:07CV118, 2007 WL 3326591, at *5 (E.D. Tex. Nov. 6, 2007).

25. Judge Givens did not have probable cause that Plaintiff had committed a crime, and this is not the reason or justification Judge Givens gave for ordering Plaintiff to jail.

26. Judge Givens willfully detained Plaintiff by ordering him to jail for 60 days as a condition of probation in his criminal case, where he remained jailed for six days.

27. Plaintiff did not consent to being imprisoned.

28.     Judge Givens did not have authority of law to imprison Plaintiff as she had been recused from his criminal case and had no authority or jurisdiction over it.

29.     During the Texas State Commission on Judicial Conduct's investigation into this matter, Judge Givens acknowledged she ordered Plaintiff jailed without the authority to do so.

30.     The Texas State Commission on Judicial Conduct publicly admonished Judge Givens for: (1) **failing to comply with** and maintain professional competence in the law, namely **the due process clauses of the United States and Texas Constitutions**, **when she:** (a) **ordered Paris jailed as a condition of his probation**, and (b) ordered Navaenriquez arrested for insufficient bail, **after she had been recused from their cases and lacked the legal authority to act in both cases**; and for (2) failing to treat Paris with patience, dignity, and courtesy, in violation of Canons 2A, 3B(2) and 3B(4) of the Texas Code of Judicial Conduct.

31.     A judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 12, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991).

32.     Here, Judge Givens lacked all jurisdiction over Mr. Paris and his criminal case as she had already been recused from the case.

33.     Because Judge Givens acted without discretionary authority, she does not "even get into the qualified-immunity framework." *Diaz v. Cantu*, 123 F.4th 736, 749 (5th Cir. 2024).

34.     Judge Givens caused Plaintiff to suffer deprivations of his liberties and rights, emotional distress and mental anguish, and damages associated with retaining an attorney and being incarcerated against his will.

35.     These injuries were directly and proximately caused by Judge Givens acting outside the scope of her authority when she jailed Plaintiff as a condition of probation in his criminal case, from which she had previously been recused. These injuries were not caused by any other means.

## Count Two

### False Imprisonment
### Texas State Law Cause of Action
### Against Defendant Amber Givens

36.     Plaintiff repeats and re-alleges each and every allegation contained in the above paragraph, incorporates those allegations in this Count, and further alleges as follows:

37.     The elements of false imprisonment under Texas state law are: (1) willful detention by the Defendant; (2) without consent; and (3) without authority of law.

38.     Judge Givens willfully detained Plaintiff by ordering him to jail as a condition of probation in his criminal case, where he remained jailed for six days.

39.     Plaintiff did not consent to being imprisoned.

40.     Judge Givens did not have the authority of law to imprison Plaintiff, as she had been recused from his criminal case and had no authority or jurisdiction over it.

41.     During the Texas State Commission on Judicial Conduct's investigation into this matter, Judge Givens acknowledged she ordered Plaintiff jailed without the authority to do so.

42.     The Texas State Commission on Judicial Conduct publicly admonished Judge for: (1) **failing to comply with** and maintain professional competence in the law, namely **the due process clauses of the United States and Texas Constitutions**, **when she:** (a) **ordered Paris jailed as a condition of his probation**, and (b) ordered Navaenriquez arrested for insufficient bail, **after she had been recused from their cases and lacked the legal authority to act in both**

**cases**; and for (2) failing to treat Paris with patience, dignity, and courtesy, in violation of Canons 2A, 3B(2) and 3B(4) of the Texas Code of Judicial Conduct.

43. This constituted the tort of false imprisonment under the laws of the state of Texas.

## V.
## PUNITIVE DAMAGES

44. Plaintiff repeats and re-alleges all allegations above, as if fully repeated herein.

45. When viewed objectively from the standpoint of Judge Givens, at the time of the occurrence, said Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.

46. As a direct, proximate, and producing cause and the intentional, egregious, malicious conduct by Judge Givens which was recklessly or callously indifferent to Plaintiff's constitutionally protected rights, Plaintiff is entitled to recover punitive damages in an amount within the jurisdictional limits of this Court.

## VI.
## DAMAGES

47. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

48. Plaintiff's injuries were a foreseeable event, which were directly and proximately caused by the unconstitutional jailing ordered by Judge Givens.

49. Thus, Plaintiff is entitled to recover all actual damages allowed by law. Plaintiff contends Judge Givens' conduct constitutes malice, evil intent, or reckless or callous indifference to his federally protected rights. Plaintiff is entitled to punitive damages against Judge Givens.

50. As a direct and proximate result of Judge Given's conduct, Plaintiff suffered:

  a. Actual damages;
  b. Loss of Liberty, Loss of Freedom, and Deprivation of Rights;

    c.    Emotional distress, torment, and mental anguish; and

    d.    Prejudgment interest and Post judgment interest.

51.    Pursuant to 42 U.S.C. § 1983 and § 1988, Plaintiff seeks to recover, and hereby requests the award of punitive damages, reasonable attorney's fees, and costs of court.

## VII.
## ATTORNEY'S FEES

52.    If Plaintiff prevails in this action on Count One, by settlement or otherwise, Plaintiff is entitled to and hereby demands attorney's fees under 42 U.S.C. § 1988.

## VIII.
## JURY REQUEST

53.    Plaintiff respectfully requests a jury trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that judgment be rendered against Defendant, for an amount in excess of the jurisdictional minimum of this Court. Plaintiff prays for all other relief, both legal and equitable, to which he may show himself justly entitled.

Respectfully submitted,

*/s/ James P. Roberts*
JAMES P. ROBERTS
Texas Bar No. 24105721

*/s/ Scott H. Palmer*
SCOTT H. PALMER
Texas Bar No. 00797196

*/s/ Breanta Boss*
BREANTA BOSS,
Texas Bar No. 24115768

PALMER PERLSTEIN

15455 Dallas Parkway,
Suite 540, LB 32

Addison, Texas 75001
Tel: (214) 987-4100
Fax: (214) 922-9900
james@palmerperlstein.com
scott@palmerperlstein.com
breanta@palmerperlstein.com

ATTORNEYS FOR PLAINTIFF